**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**HENRY HINTON, JR.**                                                                    **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:15-cv-77-DCB-MTP**

**PIKE COUNTY, ET AL.**                                                      **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment [48].

Having carefully considered the Motion and the record, the undersigned recommends that the

Motion [48] be DENIED.

On August 19, 2015, Plaintiff filed his Complaint [1], and, on March 17, 2016, Defendant

Pike County filed its Answer [36].  On June 6, 2016, Plaintiff filed the instant Motion, seeking a

default judgment.  Plaintiff argues that Defendant Pike County failed to deny the factual

allegations regarding two of the claims in his Complaint.  Specifically, Plaintiff asserts that in

paragraphs 2 and 3 of the Answer, Defendant only denied the relief which was requested.  A

review of Defendant's Answer [36], however, reveals that Defendant plainly denied Plaintiff's

factual allegations.  Paragraph 2 of the Answer states as follows: "The Defendant denies the

allegations contained in the unnumbered paragraphs of Claim I Relief (Failure to Answer

Grievances) . . . ."  Paragraph 3 states as follows: "The Defendant denies the allegations set forth

in the unnumbered paragraphs following Claim II Relief (Law Library) . . . ."[1]

Additionally, a default judgment is only proper where a party has "failed to plead or

_____

[1] The presence of the word "relief" in the titles or headings of Plaintiff's claims does not
negate the fact that the unnumbered paragraphs that follow contain his factual allegations.

1

otherwise defend . . . ." Fed. R. Civ. P. 55.[2]  Defendant Pike County has filed a responsive

pleading in this action.  Thus, Plaintiff's Motion for Default Judgment [48] lacks merit and

should be DENIED.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 30th day of June, 2016.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] "As for plaintiff's argument concerning the adequacy of defendants' Answer, plaintiffs have cited no case granting a default judgment based on a lack of strict compliance with Fed. R. Civ. P. 8(b)(2), and the court's research uncovered none." *Sheet Metal Workers' Nat. Pension Fund v. Vardaris Tech, Inc.*, 2014 WL 4639213, at *3 (E.D.N.Y. Sept. 16, 2014).