```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

HENRY HINTON, JR.                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 5:15-cv-77(DCB)(MTP)

PIKE COUNTY, ET AL.                                           DEFENDANTS

                ORDER ADOPTING REPORT AND RECOMMENDATION,
        GRANTING PLAINTIFF'S MOTION TO FILE OBJECTIONS OUT-OF-TIME,
                 AND DENYING MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the plaintiff Henry Hinton, Jr.'s Motion for Default Judgment **(docket entry 48)**. Magistrate Judge Michael T. Parker has made a Report and Recommendation **(docket entry 54)** to the Court recommending denial of the motion, and the plaintiff has filed objections thereto (docket entry 56), as well as a motion for the Court to accept his objections out-of-time **(docket entry 57)**.

The Report and Recommendation was filed on June 30, 2016. The plaintiff had 14 days from that date to file his objections. The objections were filed on July 29, 2016, but are dated July 12, 2016, and the plaintiff's Certificate of Service recites that his objections were mailed from the Pike County Detention Center on July 12, 2016. There being no objections to the motion from the defendants, the plaintiff's motion for the Court to accept his objections as timely shall be granted.

 On August 19, 2015, the plaintiff filed his Complaint (docket entry 1). On February 17, 2016, the Court dismissed defendants

Pike County Detention Center and Pike County Sheriff's Department. On February 18, 2016, and again on February 22, 2016, the Clerk of Court was ordered to issue a Notice of Lawsuit and Request for Waiver of Service to the sole remaining defendant, Pike County. Pike County returned its waiver of service on March 16, 2016, and filed its Answer (docket entry 36) on March 17, 2016.

On June 6, 2016, the plaintiff filed his Motion for Default Judgment. The plaintiff argues that defendant Pike County failed to deny the factual allegations regarding two of the claims in his Complaint. Specifically, he asserts that in paragraphs 2 and 3 of the Answer, the defendant only denied the relief which was requested. A review of Pike County's Answer, however, reveals that the defendant plainly denied the plaintiff's factual allegations. Paragraph 2 of the Answer states as follows: "The Defendant denies the allegations contained in the unnumbered paragraphs of Claim I Relief (Failure to Answer Grievances) ...." Paragraph 3 states as follows: "The Defendant denies the allegations set forth in the unnumbered paragraphs following Claim II Relief (Law Library) ...."[1] Additionally, a default judgment is only proper where a party has "failed to plead or otherwise defend ...." Fed.R.Civ.P.

---

[1] The presence of the word "relief" in the titles or headings of the plaintiff's claims does not negate the fact that the unnumbered paragraphs that follow contain his factual allegations.

55.[2]

Defendant Pike County has filed a responsive pleading in this action. Thus, as recommended by Magistrate Judge Parker, the plaintiff's Motion for Default Judgment lacks merit and shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for the Court to accept his objections out-of-time **(docket entry 57)** is GRANTED.

FURTHER ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 54)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's Motion for Default Judgment **(docket entry 48)** is DENIED.

SO ORDERED, this the 3rd day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[2] See, e.g., Sheet Metal Workers' Nat. Pension Fund v. Varadis Tech, Inc., 2014 WL 4639213, at *3 (E.D. N.Y. Sept. 16, 2014)("As for plaintiffs' argument concerning the adequacy of defendants' Answer, plaintiffs have cited no case granting a default judgment based on a lack of strict compliance with Fed. R.Civ.P. 8(b(2), and the court's research uncovered none.").