IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                                                                  **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:15-cv-77-DCB-MTP**

**PIKE COUNTY, ET AL.**                                                                                         **DEFENDANTS**

**ORDER**

      THIS MATTER is before the Court on Plaintiff's Motion to Reconsider Recusal [75] and Motion to Strike [78]. Having considered the Motions, the record, and the applicable law, the Court finds that the Motions [75] [78] should be DENIED.

**Motion to Strike [78]**

      At the omnibus hearing, the Court directed Defendants to produce to Plaintiff copies of any policies, procedures, or memoranda which were in effect during Plaintiff's incarceration regarding (1) the dissemination or distribution of inmate provisions; (2) a law library and/or inmate legal assistance; and (3) the dissemination of soap to new inmates only. On November 16, 2016, Defendants provided discovery responses. *See* Notice [71]. In his Motion to Strike [78], Plaintiff argues that the Court should strike the policies and procedures that were produced by Defendants because they are undated and unsigned. According to Plaintiff, "[i]t is standard policy procedure to date and sign policies that are in effect . . . ." The fact that the policies and procedures produced by Defendants were undated and unsigned may form a basis for questioning the probative value of these documents, but it does not require that the Court strike them.[1] Accordingly, Plaintiff's Motion [78] will be denied.

---

[1] The Court notes that Defendants' discovery responses were not filed of record.

1

**Motion to Reconsider Recusal [75]**

In his Motion [75], Plaintiff seeks the recusal of the undersigned.[2] Plaintiff argues that the undersigned has shown favoritism and that the facts of this case "would cause 'any' person off the street to question the . . . magistrate's impartiality."

Title 28 U.S.C. § 455 governs recusal of federal judges. The recusal standard is an objective one. "[T]he relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (internal quotations and citation omitted). Recusal can be based on extrajudicial factors such as family relationships or intrajudicial factors such as events occurring in court proceedings. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Intrajudicial factors "do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Litely*, 510 U.S. at 555. However, "a motion for disqualification ordinarily may not be predicated on the judge's rulings . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981). "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Plaintiff points to multiple events in this action in support of his Motion [75]. Plaintiff complains that, at the omnibus hearing, the undersigned and defense counsel "exchanged very

---

[2] Apparently, Plaintiff titled his Motion [75] as one to "reconsider recusal" because the Court previously denied Plaintiff's motion for recusal in another case pending before this Court, Civil Action No. 5:16-cv-15-DCB-MTP. As Plaintiff has not previously filed a motion for recusal in this action, the Court will not treat this Motion [75] as a motion for reconsideration under Fed. R. Civ. P. 59 or 60.

warm greeting including head nods and smiles." According to Plaintiff, "[i]t was evident to all that witnessed the display that there is an underlying connection" and "one can only speculate as to whether the connection involves family, friends, or hunting fishing and lodge camp ties . . . ." Plaintiff also complains about the Court's "rapid" questioning during the hearing, which included questions such as what is your intent, what do you expect to accomplish, and what is your purpose. According to Plaintiff, these questions were inappropriate.

These complaints do not constitute a sufficient basis for recusal of the undersigned. The undersigned's exchange of greetings with defense counsel would not lead a reasonable person to doubt the undersigned's impartiality. *See Allen v. Parkland School Dist.*, 230 Fed. App'x. 189, 193 (3rd Cir. 2007) (holding that a judge's "friendly greeting of opposing counsel" would not lead a reasonable person to question his impartiality); *see also Schueller v. Wells Fargo & Co.*, 559 Fed. App'x. 733, 738-39 (10th Cir. 2014). Plaintiff's rank speculation regarding the connections shared between the undersigned and defense counsel is insufficient to justify recusal. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1167 (5th Cir. 1982); *see also Edmon v. Dallas County Sheriff's Dept.*, 2002 WL 226343, at *1 (N.D. Tex. Feb. 13, 2002) ("A judge, however, should not recuse himself based on unsupported or irrational speculation."). Additionally, the Court's questioning of Plaintiff at the omnibus hearing regarding the relief he is seeking was appropriate considering that the purpose of the hearing, *inter alia*, was to screen Plaintiff's claims. *See* Order [60]; *see also* 28 U.S.C. § 1915 and 1915A; *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff also complains about certain rulings made by the Court. Plaintiff points to the fact that at the omnibus hearing, the Court found good cause to extend certain Defendants' deadline to answer. Plaintiff also points to the fact that the undersigned entered a Report and

Recommendation [54], recommending that Plaintiff's Motion for Default Judgment [48] be denied.³ Finally, Plaintiff complains that the undersigned dismissed his claim based on Defendants' failure to answer grievances and allowed Defendants to raise the defense of failure to exhaust administrative remedies after the deadline to do so.

As previously mentioned, adverse or partially adverse rulings ordinarily will not justify recusal. *See Phillips*, 637 F.2d at 1020; *Scroggins*, 485 F.3d at 830. The rulings referred to by Plaintiff do not "reveal an opinion based on an extrajudicial source" or demonstrate any degree of antagonism. *See Scroggins*, 485 F.3d at 830. Moreover, Plaintiff misconstrues the undersigned's ruling regarding his claims based on Defendants' failure to answer grievances. During the omnibus hearing, the undersigned explained to Plaintiff that, as a matter of law, his allegations that Defendants failed to respond to his grievances do not amount to a constitutional violation.⁴ The Court also instructed Plaintiff that if Defendants raised the issue of Plaintiff's failure to exhaust administrative remedies, he could assert his allegations regarding his grievances in response. Thereafter, the Plaintiff stated that he no longer wished to pursue this claim, and the undersigned entered a Report and Recommendation [66], recommending that Plaintiff's claim regarding Defendants' failure to respond to grievances be dismissed.⁵

---

³ On October 3, 2016, the District Judge adopted the undersigned's Report and Recommendation [54] and denied Plaintiff's Motion of Default Judgment [48]. *See* Order [62].
⁴ *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007).
⁵ In his Motion [75], Plaintiff takes issue with the fact that the undersigned described his allegations as "Defendants failed to adequately respond to his grievances" when he actually alleged that Defendants did not respond at all. This distinction is of no import. Plaintiff does not have a federally protected liberty interest in a response to his grievances. *See Geiger*, 404 F.3d at 373-74; *Dehghani*, 226 Fed. App'x. at 406; *Edmond v. Epps*, 2014 WL 1050726, at *4 (S.D. Miss. Mar. 17, 2014) (dismissing as indisputably meritless plaintiff's claim that prison official failed to respond to grievance).

The undersigned did not grant Defendants leave to file a motion to dismiss for failure to exhaust administrative remedies after the deadline set by Order [60], but simply explained to Plaintiff that the Court would allow him to raise his allegations regarding the grievances in response to any such motion filed by Defendants.

Accordingly, Plaintiff has presented no sufficient basis for recusal of the undersigned, and his Motion [75] will be denied.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Reconsider Recusal [75] is DENIED and

2. Plaintiff's Motion to Strike [78] is DENIED

SO ORDERED this the 19th day of January, 2017.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE