IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                                        **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:15-cv-77-DCB-MTP**

**PIKE COUNTY, ET AL.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff Henry Hinton, Jr.'s[1] Motion for Partial Default Judgment or Summary Judgment [89], Motion for Partial Summary Judgment [90], and Motion to Dismiss Prior Motion [92]. Having considered the Motions and the record, the undersigned recommends that the Motion for Partial Default Judgment or Summary Judgment [89] be DENIED, the Motion for Partial Summary Judgment [90] be DENIED, and the Motion to Dismiss Prior Motion [92] be GRANTED.

**Plaintiff's Motion for Partial Default Judgment or Summary Judgment [89] and Motion to Dismiss Prior Motion [92]**

On March 2, 2017, Plaintiff filed his Motion for Partial Default Judgment or Summary Judgment [89], arguing that the Court should enter a default judgment and/or summary judgment against Defendants Sheriff Mark Sheppard, Captain Glen Green, and Lieutenant Smith based on their failure to deny certain allegations asserted by Plaintiff. On March 13, 2017, Plaintiff filed his Motion to Dismiss Prior Motion [92], requesting that the Court allow him to withdraw his Motion for Partial Default Judgment or Summary Judgment [89]. As Plaintiff no longer wishes to pursue his Motion [89], the undersigned recommends that Plaintiff's Motion to Dismiss Prior

---

[1] Plaintiff originally filed this action as Reginald Bernard Alford. However, Plaintiff eventually moved to amend to reflect his correct name and to remove the Alford alias. *See* Order [22].

Motion [92] be granted and Plaintiff's Motion for Partial Default Judgment or Summary Judgment [89] be denied as moot.

**Motion for Partial Summary Judgment [90]**

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail. According to Plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies, including possession of a controlled substance with intent to distribute.

In his complaint and as clarified at his *Spears* hearing, Plaintiff alleges, *inter alia*, that on July 9, 2015, Inmate Harris began throwing water in Plaintiff's cell because Plaintiff's complaints about the amount of salt in the food caused inmates to be served food that was not seasoned. Harris was removed from the housing zone, but because officers did not file a report about the incident, Harris was eventually returned to the zone.

On July 21, 2015, five inmates, including Harris, attacked Plaintiff, which resulted in Plaintiff being stabbed under the eye. Plaintiff alleges that he was surprised by the attack and did not know an attack was imminent. According to Plaintiff, he could not call for help because the call box in his cell was not functioning at the time of the attack. Plaintiff also asserts that an officer could have seen the incident from the security tower, but no one was manning the security tower at the time of the attack. Additionally, Plaintiff asserts that officers do not constantly monitor all of the twenty-two cameras in the jail. Plaintiff claims that Sheriff

Sheppard is responsible for making sure the call boxes are in proper working order and that the security tower is manned.[2]

On March 13, 2017, Plaintiff filed the instant Motion for Partial Summary Judgment [90], arguing that he has established all of the elements of his failure-to-protect claim and is entitled to summary judgment against Defendants Sheriff Mark Sheppard, Captain Glenn Green, and Lieutenant Smith. Defendants did not respond to the Motion [90]. The Court does not grant dispositive motions as unopposed, but must examine their merits. *See* L.U. Civ. R. 7(b)(3)(E); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

---

[2] In this action, Plaintiff also asserts claims regarding the denial of access to the court and the conditions of his confinement. *See* Omnibus Order [65].

**ANALYSIS**

First, Plaintiff's Motion for Partial Summary Judgment [90] should be denied as untimely. On November 3, 2016, the Court entered an Omnibus Order [65] which set February 15, 2017, as the dispositive motions deadline. On March 13, 2017—twenty-six days after the dispositive motions deadline—Plaintiff filed his Motion for Partial Summary Judgment [90].

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good. *See* Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

Prior to filing his Motion [90], Plaintiff did not request or obtain the Court's consent to modify the scheduling order, and the undersigned does not find good cause to modify the scheduling order. Accordingly, Plaintiff's Motion for Partial Summary Judgment [90] is untimely and should be denied. *See Lamorak Ins. Co. v. Huntington Ingalls, Inc.*, 2016 WL 5678559, at *3 (E.D. La. Oct. 3, 2016); *Estate of Boles v. National Heritage Realty, Inc.*, 2010 WL 11492174 (N.D. Miss. June 18, 2010).

Moreover, Plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from violence committed by other prisoners. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1999). However, "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a failure-to-protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

In his Motion for Summary Judgment, Plaintiff again alleges that the security tower was not manned, the call box in his cell was not functioning, and the cameras in the jail were not constantly monitored. Plaintiff submits incident reports from the day of the assault and argues that the reports prove the tower was unmanned because an officer from the control room, not the

tower, called for assistance after noticing a disturbance. Additionally, Plaintiff alleges that he was housed in a zone with violent offenders.

Plaintiff has not established that Defendants knew there was a substantial risk of serious harm to Plaintiff and were deliberately indifferent to that risk. Plaintiff alleges that nearly two weeks prior to the attack, one of his attackers, Inmate Harris, threw water into his cell. This allegation, without more, does not establish that Defendants knew Inmate Harris, or any other inmate, posed a substantial risk to Plaintiff. In fact, at the *Spears* hearing, Plaintiff conceded that he was surprised by the attack and did not know an attack was imminent. Further, Plaintiff has not presented evidence establishing that his housing assignment posed a substantial risk of serious harm. The proof presented by Plaintiff, at best, supports a claim of negligent failure to protect which does not rise to the level of a constitutional violation. *See Williams v. Keith*, 2015 WL 4661584, at *2 (W.D. La. Aug. 5, 2015); *Hailey v. Haggard*, 2013 WL 655667, at *4 (S.D. Tex. Feb. 20, 2013); *Brewer v. Dallas Cty. Sheriff's Dep't.*, 2001 WL 194065, at *3 (N.D. Tex. Feb. 22, 2001).

Additionally, Plaintiff argues that Defendants Sheriff Sheppard, Captain Green, and Lieutenant Smith have admitted certain allegations and that these admissions support summary judgment in his favor. On April 8, 2016, Plaintiff filed a Motion to Amend [42], seeking to add Sheriff Sheppard, Captain Green, and Lieutenant Smith as defendants. The Court granted the Motion to Amend [42]. *See* Order [43]. Plaintiff did not file an amended complaint. Instead, the Court construed Plaintiff's complaint as amended by the allegations asserted in the Motion to Amend. On November 7, 2016, Defendants filed their Answer [67]. Defendants denied the allegations asserted in Plaintiff's Complaint [1] but did not specifically address the allegations asserted in the Motion to Amend [42]. Plaintiff argues that because Defendants did not

6

specifically deny the allegations set forth in his Motion to Amend [42] (specifically, paragraphs 6, 7, and 8), Defendants have admitted these allegations.

Federal Rule of Civil Procedure 8(b)(6) states that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Rule 8(b)(6), like all Federal Rules of Civil Procedure, is to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Pleadings must be construed *so as to do justice*." Fed. R. Civ. P. 8(e) (emphasis added). They "are not to be treated as a game of skill in which one misstep by counsel may be decisive of the outcome." *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987) (finding that a failure to deny allegation had no effect on opponent's rights because he had notice that matter was to be litigated).

Considering the record, the Court should not deem the allegations asserted in the Motion to Amend admitted by Defendants. The pleadings in this action involving a *pro se* prisoner are atypical. Plaintiff did not file an amended complaint. However, the Court treated Plaintiff's pleadings as amended because Plaintiff repeated the allegations made in his Motion to Amend at his *Spears* hearing, as reflected in the Omnibus Order [65]. Defendants denied the allegations in Plaintiff's original complaint and are plainly contesting all of Plaintiff's allegations. Thus, the Court should afford Defendants an opportunity to admit or deny these allegations.[3]

---

[3] Even if the allegations were deemed admitted, they would not establish that Defendant were deliberately indifferent to a substantial risk of serious harm. The allegations relevant to Plaintiff's failure-to-protect claim are that Defendants failed to hire sufficient staff to man the security tower. This allegation, without more, does not rise to the level of a constitutional violation. *See Morgan v. Cabana*, 2009 WL 1066294 (S.D. Miss. Apr. 21, 2009); *Jones v. Allen Parish Corr. Center*, 2008 WL 762077, *3 (Mar. 20, 2008) (finding that the fact that a prison was understaffed does not establish a plaintiff's failure-to-protect claim).

As the movant, Plaintiff has the burden to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Plaintiff has failed to meet that burden. Accordingly, the undersigned recommends that the Motion for Partial Summary Judgment [90] be denied.

## CONCLUSION

Based on the foregoing reasons, the undersigned recommends that:

1. Plaintiff's Motion to Dismiss Prior Motion [92] be GRANTED;

2. Plaintiff's Motion for Partial Default Judgment or Summary Judgment [89] be DENIED;

3. Plaintiff's Motion for Partial Summary Judgment [90] be DENIED; and

4. The Court direct Defendants Sheppard, Green, and Smith to file an amended answer or other responsive pleading in which they admit or deny the allegations set forth in Plaintiff's Motion to Amend [42].

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 11th day of April, 2017.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge