IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                                                    **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 5:15-cv-77-DCB-MTP**

**PIKE COUNTY, ET AL.**                                                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment [69]. Having carefully considered the Motion and the record, the undersigned recommends that the Motion [69] be DENIED.

## BACKGROUND

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail. According to Plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies, including possession of a controlled substance with intent to distribute.

In his complaint and as clarified at his *Spears* hearing, Plaintiff alleges, *inter alia*, that at the time of his arrest, police officers seized $7,746.00 from him. Thereafter, Plaintiff attended a forfeiture hearing in county court, during which the money was deemed forfeited. Plaintiff asserts that because he did not have access to a law library and other legal assistance, he lost at the forfeiture hearing and missed his opportunity to appeal the forfeiture ruling. According to Plaintiff, if he would have had access to a law library or legal assistance, he would have prevailed at the forfeiture hearing or on appeal because the State wrongfully used his *Alford*

1

plea[1] to support the forfeiture. Plaintiff claims that Sheriff Mark Sheppard, as the policy maker, should have provided Plaintiff access to a law library or legal assistance.[2]

On November 14, 2016, Plaintiff filed the instant Motion for Partial Summary Judgment [69] arguing that he has established all of the elements of his denial-of-access-to-court claim and is entitled to summary judgment against Defendant Sheriff Mark Sheppard. Sheriff Sheppard did not respond to the Motion [69]. The Court, however, will not grant the Motion [69] as unopposed, but will examine its merits. *See* L.U. Civ. R. 7(b)(3)(E); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712. However, "[c]onclusional allegations and denials,

---

[1] In an *Alford* plea, sometimes referred to as a "best interest plea," an accused "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). A trial court may accept an *Alford* plea if "the record before the judge contains strong evidence of actual guilt." *Id*.

[2] Plaintiff also asserts a failure-to-protect claim and claims regarding the conditions of his confinement. In addition to Sheriff Sheppard, Plaintiff named Pike County, Captain Glen Green, and Lieutenant Smith as defendants. *See* Omnibus Order [65].

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## ANALYSIS

In his Motion for Summary Judgment [69], Plaintiff asserts that the Mississippi Bureau of Narcotics illegally used his *Alford* plea to support its forfeiture claim. Plaintiff further asserts that had he been provided access to a law library or legal assistance he would have prevailed at the forfeiture hearing or on appeal.

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). The right of access to the courts is limited to allow prisoners opportunities to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citation omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment—a true denial of access, such as the loss of a motion; the loss

of a right to commence, prosecute, or appeal in a court; or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

In support of his Motion [69], Plaintiff submits (1) an order issued by the County Court of Pike County ruling that the $7,746.00 found in Plaintiff's possession should be forfeited to the Mississippi Bureau of Narcotics; (2) a letter Plaintiff sent to the Pike County Circuit Clerk in which he requests assistance; and (3) the Circuit Clerk's response to Plaintiff's letter. *See* Exhibits [69-1] [69-2] [69-3].

Plaintiff's evidence, however, does not establish an absence of a genuine issue of material fact, entitling him to a judgment as a matter of law. Mississippi Code Annotated § 41-29-179(2) provides as follows:

> If the owner of the property has filed an answer denying that the property is subject to forfeiture, then the burden is on the petitioner to prove that the property is subject to forfeiture. However, if an answer has not been filed by the owner of the property, the petition for forfeiture may be introduced into evidence and is prima facie evidence that the property is subject to forfeiture. The standard of proof placed upon the petitioner in regard to property forfeited under the provisions of this article shall be by a preponderance of the evidence.

Miss. Code Ann. § 41-29-179(2).

The burden of proof in a forfeiture action differs from that involved in a criminal trial. The government need not prove beyond a reasonable doubt that a connection exists between the forfeited property and the illegal activity. Thus, a criminal conviction is not a prerequisite to a civil forfeiture. *See State ex rel. Mississippi Burea of Narcotics v. Lincoln County*, 605 So. 2d 802, 804 (Miss. 1992).

Mississippi Code Annotated § 41-29-153 identifies property subject to forfeiture, including money. Section 41-29-153(7) provides that "[a]ll monies, coin and currency found in

4

close proximity to forfeitable controlled substances . . . are presumed to be forfeitable under this paragraph; the burden of proof is upon claimants of the property to rebut this presumption."

The order issued by the County Court of Pike County states that the "Mississippi Bureau of Narcotics has <u>put forth proof</u> that property at issue is subject to forfeiture under the provisions of §§ 4[1]-29-153(a)(5) and 41-29-153(a)(7) of the Mississippi Code of 1972, as amended, having been used, or intended for use, in violation of the Uniform Controlled Substances Law and having been <u>found in close proximity to forfeitable controlled substances</u>, to-wit: marijuana." [69-1] (emphasis added).

The record indicates that the Mississippi Bureau of Narcotics did not simply submit Plaintiff's *Alford* plea as evidence but proved by a preponderance of the evidence that the money at issue was found in close proximity to forfeitable controlled substances and was used, or intended for use, in violation of the Uniform Controlled Substances Law. Thus, even if the Bureau was prohibited by law from using Plaintiff's *Alford* plea to form the basis for the forfeiture as argued by Plaintiff, there remain genuine issues of material fact.

At a minimum, there exist questions of fact regarding the evidence submitted by the Bureau and what role, if any, Plaintiff's *Alford* plea played in supporting the forfeiture action. Plaintiff has failed to establish that he suffered some sort of actual prejudice or detriment resulting from the alleged denial of access as required for such claims. *See Oaks*, 430 F.2d 241.

## CONCLUSION

As Plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, the undersigned recommends that Plaintiff's Motion for Summary Judgment [69] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 11th day of April, 2017.

s/ Michael T. Parker<br>United States Magistrate Judge