IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY HINTON, JR.                                                                             PLAINTIFF

VS.                          CIVIL ACTION NO. 5:15-cv-77(DCB)(MTP)

PIKE COUNTY, ET AL.                                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the plaintiff Henry Hinton, Jr.'s Motion for Partial Summary Judgment **(docket entry 69)**, on Magistrate Judge Michael T. Parker's Report and Recommendation ("R&R") regarding same **(docket entry 98)**, on the plaintiff's Motion for Extension of Time to file his objections to the R&R **(docket entry 100)**, and on the plaintiff's objections (docket entry 102). The Court has carefully considered the plaintiff's motions and the Magistrate Judge's R&R, as well as the plaintiff's objections to the R&R, and finds as follows:

Magistrate Judge Parker filed his R&R on April 11, 2017. On April 24, 2017, the plaintiff filed his motion for additional time to file objections, and on April 26, 2017, he filed his objections. Because both the motion for additional time and the objections were timely filed, the Court shall grant the plaintiff's motion for additional time.

The plaintiff's Complaint, as clarified at his Spears[1]

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

hearing, alleges events which took place while the plaintiff was incarcerated at the Pike County Jail. According to the plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies, including possession of a controlled substance with intent to distribute.

The plaintiff further alleges that at the time of his arrest, police officers seized $7,746.00 from him. Thereafter, he attended a forfeiture hearing in county court, during which the money was deemed forfeited. The plaintiff asserts that because he did not have access to a law library and other legal assistance, he lost at the forfeiture hearing and missed his opportunity to appeal the forfeiture ruling. According to the plaintiff, if he had had access to a law library or legal assistance, he would have prevailed at the forfeiture hearing or on appeal because the State wrongfully used his Alford plea[2] to support the forfeiture. The plaintiff claims that Sheriff Mark Sheppard, as the policy maker, should have provided the plaintiff access to a law library or legal assistance.[3]

---

[2] In an Alford plea, sometimes referred to as a "best interest plea," an accused "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970). A trial court may accept an Alford plea if "the record before the judge contains strong evidence of actual guilt." Id.

[3] The plaintiff also asserts a failure-to-protect claim and claims regarding the conditions of his confinement. In addition to Sheriff Sheppard, the plaintiff names Pike County, Captain Glen Green, and Lieutenant Smith as

On November 14, 2016, the plaintiff filed his Motion for Partial Summary Judgment (docket entry 69), arguing that he has established all of the elements of his denial-of-access-to-court claim and that he is entitled to summary judgment against defendant Sheriff Mark Sheppard. Sheriff Sheppard did not respond to the Motion. In his R&R, Magistrate Judge Parker does not recommend granting the motion as unopposed, but instead examines its merits. See L.U.Civ.R. 7(b)(3)(E); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995).

The Court may grant summary judgment only if, viewing the facts in a light most favorable to the non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. John v. Louisiana, 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." Id. at 712. However, "[c]onclusional allegations and

---

defendants. See Omnibus Order (docket entry 65). The Court addresses these claims in a separate Order Adopting Report and Recommendation.

denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

In his Motion for Summary Judgment (docket entry 69), the plaintiff asserts that the Mississippi Bureau of Narcotics illegally used his Alford plea to support its forfeiture claim. The plaintiff further asserts that had he been provided access to a law library or legal assistance he would have prevailed at the forfeiture hearing or on appeal.

Under the Supreme Court's decision in Bounds v. Smith, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability ... to prepare and transmit a necessary legal document to court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners the opportunity to file non-frivolous claims challenging their convictions or conditions of confinement. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999)(citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not

4

valid if a litigant's position is not prejudiced by the alleged violation."  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), cert. denied, 504 U.S. 988 (1992)(citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988)).  It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature.  Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993); see also Howland v. Kilquist, 833 F.2d 639, 642 (7th Cir. 1987).  To prove his claim, a plaintiff must show real detriment - a true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding.  Oaks v. Wainwright, 430 F.2d 241, 242 (5th Cir. 1970).

In support of his Motion for Summary Judgment, the plaintiff submits (1) an order issued by the County Court of Pike County ruling that the $7,746.00 found in the plaintiff's possession should be forfeited to the Mississippi Bureau of Narcotics; (2) a letter the plaintiff sent to the Pike County Circuit Clerk, in which he requests assistance; and (3) the Circuit Clerk's response to the plaintiff's letter.  See Exhibits 69-1, 69-2, and 69-3.

This evidence submitted by the plaintiff does not establish an absence of a genuine issue of material fact, and does not entitle

him to a judgment as a matter of law. Mississippi Code Annotated § 41-29-179(2) provides as follows:

> If the owner of the property has filed an answer denying that the property is subject to forfeiture, then the burden is on the petitioner to prove that the property is subject to forfeiture. However, if an answer has not been filed by the owner of the property, the petition for forfeiture may be introduced into evidence and is prima facie evidence that the property is subject to forfeiture. The standard of proof placed upon the petitioner in regard to property forfeited under the provisions of this article shall be by a preponderance of the evidence.

Miss. Code Ann. § 41-29-179(2).

The burden of proof in a forfeiture action differs from that involved in a criminal trial. The government need not prove beyond a reasonable doubt that a connection exists between the forfeited property and the illegal activity. Thus, a criminal conviction is not a prerequisite to a civil forfeiture. See State ex rel. Mississippi Bureau of Narcotics v. Lincoln County, 605 So. 2d 802, 804 (Miss. 1992).

Mississippi Code Annotated § 41-29-153 identifies property subject to forfeiture, including money. Section 41-29-153(7) provides that "[a]ll monies, coin and currency found in close proximity to forfeitable controlled substances ... are presumed to be forfeitable under this paragraph; the burden of proof is upon claimants of the property to rebut this presumption."

The order issued by the County Court of Pike County states that the "Mississippi Bureau of Narcotics has put forth proof that

property at issue is subject to forfeiture under the provisions of §§ 4[1]-29-153(a)(5) and 41-29-153(a)(7) of the Mississippi Code of 1972, as amended, having been used, or intended for use, in violation of the Uniform Controlled Substances Law and having been found in close proximity to forfeitable controlled substances, to-wit: marijuana." See Exhibit 69-1.

The record indicates that the Mississippi Bureau of Narcotics did not simply submit the plaintiff's Alford plea as evidence, but proved by a preponderance of the evidence that the money at issue was found in close proximity to forfeitable controlled substances and was used, or was intended for use, in violation of the Uniform Controlled Substances Law. Thus, even if the Bureau was prohibited by law from using the plaintiff's Alford plea to form the basis for the forfeiture, as argued by the plaintiff, there remain genuine issues of material fact.

At a minimum, there exist genuine issues of material fact regarding the evidence submitted by the Bureau and what role, if any, the plaintiff's Alford plea played in supporting the forfeiture action. The plaintiff has failed to establish that he suffered some sort of actual prejudice or detriment resulting from the alleged denial of access as required for such claims. See Oaks, 430 F.2d at 242.

Magistrate Judge Parker concludes that the plaintiff has failed to meet his burden of demonstrating that there is no genuine

7

issue of material fact, and has failed to show that he is entitled to judgment as a matter of law. The R&R recommends that the plaintiff's Motion for Summary Judgment be denied, and the Court agrees with the recommendation.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Extension of Time to file his objections to the R&R **(docket entry 100)** is GRANTED retroactively, inasmuch as the motion was timely made, and the plaintiff's objections were timely filed;

FURTHER ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 98)** is ADOPTED in its entirety as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's Motion for Partial Summary Judgment **(docket entry 69)** is DENIED.

SO ORDERED, this the 1st day of June, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE