IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY HINTON, JR.                                           PLAINTIFF

VS.                              CIVIL ACTION NO. 5:15-cv-77(DCB)(MTP)

PIKE COUNTY, ET AL.                                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the plaintiff Henry Hinton, Jr.'s Motion for Partial Default Judgment or Summary Judgment **(docket entry 89)**, Motion for Partial Summary Judgment **(docket entry 90)**, and Motion to Dismiss Prior Motion **(docket entry 92)**, and on Magistrate Judge Michael T. Parker's Report and Recommendation ("R&R") regarding same **(docket entry 97)**, and the plaintiff's Objections thereto (docket entry 102). The Court has carefully considered the plaintiff's motions and the Magistrate Judge's R&R, as well as the plaintiff's objections to the R&R, and finds as follows:

The plaintiff's Motion for Partial Default Judgment or Summary Judgment (docket entry 89) seeks a judgment against defendants Sheriff Mark Sheppard, Captain Glen Green, and Lieutenant Smith based on their failure to deny certain allegations asserted by the plaintiff. However, on March 13, 2017, the plaintiff filed his Motion to Dismiss Prior Motion (docket entry 92), requesting that the Court allow him to withdraw his Motion for Partial Default Judgment or Summary Judgment. The Court shall therefore grant the

Motion to Dismiss Prior Motion, and shall deny the Motion for Partial Default Judgment or Summary Judgment as moot.

The plaintiff's lawsuit arises from events which took place while he was incarcerated at the Pike County Jail. According to the plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies, including possession of a controlled substance with intent to distribute. In his complaint and as clarified at his Spears[1] hearing, the plaintiff alleges, inter alia, that on July 9, 2015, Inmate Harris began throwing water in the plaintiff's cell because the plaintiff's complaints about the amount of salt in the food had caused inmates to be served food that was not seasoned. Harris was removed from the housing zone, but because officers did not file a report about the incident, Harris was eventually returned to the zone. On July 21, 2015, five inmates, including Harris, attacked the plaintiff, which resulted in the plaintiff being stabbed under the eye. The plaintiff alleges that he was surprised by the attack and did not know an attack was imminent. According to the plaintiff, he could not call for help because the call box in his cell was not functioning at the time of the attack. The plaintiff also asserts that an officer could have seen the incident from the security tower, but no one was manning the security tower at the

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2

time of the attack.  Additionally, the plaintiff asserts that officers do not constantly monitor all of the twenty-two cameras in the jail.  The plaintiff claims that Sheriff Sheppard is responsible for making sure the call boxes are in proper working order and that the security tower is manned.  In addition, the plaintiff asserts claims regarding denial of access to the court and the conditions of his confinement.  See Omnibus Order (docket entry 65).

On March 13, 2017, the plaintiff filed his Motion for Partial Summary Judgment (docket entry 90), arguing that he has established all of the elements of his failure-to-protect claim and is entitled to summary judgment against defendants Sheriff Mark Sheppard, Captain Glenn Green, and Lieutenant Smith.  The defendants did not respond to the motion.  However, the Court does not grant dispositive motions as unopposed, but must examine their merits. See L.U.Civ.R. 7(b)(3)(E); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995).

The Court may grant summary judgment only if, viewing the facts in a light most favorable to non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.

John v. Louisiana, 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." Id. at 712. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

Magistrate Judge Parker recommends that the plaintiff's Motion for Partial Summary Judgment (docket entry 90) should be denied as untimely. Magistrate Judge Parker entered an Omnibus Order on November 3, 2016, which set February 15, 2017, as the dispositive motions deadline. On March 13, 2017 (26 days after the deadline) the plaintiff filed his Motion for Partial Summary Judgment. The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause. See Fed. R. Civ. P. 16(b)(4).

The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." Puig v. Citibank, N.A., 514 F.App'x 483,

4

487-88 (5th Cir. 2013)(citation and quotation omitted). In determining whether the movant has met his burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for his failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. S&W Enters., LLC v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 535 (5th Cir. 2003); Geiserman, 893 F.2d at 791.

Prior to filing his motion, the plaintiff did not request or obtain the Court's consent to modify the scheduling order, and the Magistrate Judge did not find good cause to modify the scheduling order. The Court shall therefore deny the plaintiff's Motion for Partial Summary Judgment (docket entry 90) as untimely. See Lamorak Ins. Co. v. Huntington Ingalls, Inc., 2016 WL 5678559, at *3 (E.D. La. Oct. 3, 2016); Estate of Boles v. National Heritage Realty, Inc., 2010 WL 11492174 (N.D. Miss. June 18, 2010).

The Court also finds that the plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from violence committed by other prisoners. See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1999). However, "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison

officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish a failure-to-protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference "'is an extremely high standard to meet.'" Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(quoting Domino v. Texas Dep't. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." Farmer, 511 U.S. at 837.

In his Motion for Partial Summary Judgment (docket entry 90), the plaintiff again alleges that the security tower was not manned, the call box in his cell was not functioning, and the cameras in the jail were not constantly monitored. The plaintiff submits incident reports from the day of the assault and argues that the reports prove the tower was unmanned because an officer from the

control room, not the tower, called for assistance after noticing a disturbance. In addition, the plaintiff alleges that he was housed in a zone with violent offenders. However, the plaintiff has not established that any defendant knew there was a substantial risk of serious harm to the plaintiff and was deliberately indifferent to that risk.

The plaintiff also alleges that nearly two weeks prior to the attack, one of his attackers, Inmate Harris, threw water into his cell. This allegation, without more, does not establish that any defendant knew that Inmate Harris, or any other inmate, posed a substantial risk to the plaintiff. In fact, at the <u>Spears</u> hearing, the plaintiff conceded that he was surprised by the attack and did not know an attack was imminent. Furthermore, the plaintiff has not presented any evidence establishing that his housing assignment posed a substantial risk of serious harm. The proof presented by the plaintiff, at best, supports a claim of negligent failure to protect, which does not rise to the level of a constitutional violation. <u>See</u> <u>Williams v. Keith</u>, 2015 WL 4661584, at *2 (W.D. La. Aug. 5, 2015); <u>Hailey v. Haggard</u>, 2013 WL 655667, at *4 (S.D. Tex. Feb. 20, 2013); <u>Brewer v. Dallas Cty. Sheriff's Dep't.</u>, 2001 WL 194065, at *3 (N.D. Tex. Feb. 22, 2001).

The plaintiff also argues that defendants Sheriff Sheppard, Captain Green, and Lieutenant Smith have admitted certain allegations and that these admissions support summary judgment in

7

his favor.  On April 8, 2016, the plaintiff filed a Motion to Amend (docket entry 42), seeking to add Sheriff Sheppard, Captain Green, and Lieutenant Smith as defendants.  Magistrate Judge Parker granted the Motion to Amend.  See Order (docket entry 43). However, the plaintiff did not file an amended complaint.  Instead, Magistrate Judge Parker construed the plaintiff's complaint as amended by the allegations asserted in the Motion to Amend.  On November 7, 2016, the defendants filed their Answer, in which they denied the allegations asserted in the plaintiff's Complaint, but did not specifically address the allegations asserted in the Motion to Amend.  The plaintiff argues that because the defendants did not specifically deny the allegations set forth in his Motion to Amend (specifically paragraphs 6, 7, and 8), the defendants have admitted these allegations.

Federal Rule of Civil Procedure 8(b)(6) states that "[a]n allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."  Rule 8(b)(6), like all Federal Rules of Civil Procedure, is to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed.R.Civ.P. 1. "Pleadings must be construed so as to do justice."  Fed.R.Civ.P. 8(e).  They "are not to be treated as a game of skill in which one misstep by counsel may be decisive of the outcome."  Trotter v.

8

Jack Anderson Enters., Inc., 818 F.2d 431, 436 (5th Cir. 1987)(finding that a failure to deny allegation had no effect on opponent's rights because he had notice that the matter was to be litigated).

Magistrate Judge Parker recommends that, considering the record, the Court should not deem the allegations asserted in the Motion to Amend to be admitted by the defendants. The pleadings in this action involving a pro se prisoner are atypical, insofar as the plaintiff did not file an amended complaint. However, Magistrate Judge Parker treated the plaintiff's pleadings as amended because the plaintiff repeated the allegations made in his Motion to Amend at his Spears hearing, as reflected in the Omnibus Order (docket entry 65). The defendants denied the allegations in the plaintiff's original complaint, and are plainly contesting all of the plaintiff's allegations. Thus, the allegations should not be deemed admitted, and the Court will afford the defendants an opportunity to admit or deny these allegations.[2]

As the movant, the plaintiff has the burden to establish that there are no genuine issues of material fact and that he is

---

[2] Even if the allegations were deemed admitted, they would not establish that the defendants were deliberately indifferent to a substantial risk of serious harm. The allegations relevant to the plaintiff's failure-to-protect claim are that the defendants failed to hire sufficient staff to man the security tower. This allegation, without more, does not rise to the level of a constitutional violation. See Morgan v. Cabana, 2009 WL 1066294 (S.D. Miss. Apr. 21, 2009); Jones v. Allen Parish Corr. Center, 2008 WL 762077, *3 (Mar. 20, 2008)(finding that the fact that a prison was understaffed does not establish a plaintiff's failure-to-protect claim).

entitled to judgment as a matter of law. The plaintiff has failed to meet that burden. Therefore, the undersigned shall adopt Magistrate Judge Parker's recommendation that the plaintiff's Motion for Partial Summary Judgment be denied.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 97)** is ADOPTED in its entirety as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's Motion to Dismiss Prior Motion **(docket entry 92)** is GRANTED;

FURTHER ORDERED that the plaintiff's Motion for Partial Default Judgment or Summary Judgment **(docket entry 89)** is denied as MOOT;

FURTHER ORDERED that the plaintiff's Motion for Partial Summary Judgment **(docket entry 90)** is DENIED;

FURTHER ORDERED that defendants Sheppard, Green, and Smith shall file an amended answer or other responsive pleading, in which they admit or deny the plaintiff's allegations set forth in the plaintiff's Motion to Amend (docket entry 42), within fourteen (14) days from the date of entry of this Order.

SO ORDERED, this the 1st day of June, 2017.

                                          /s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE